IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Kenneth A. Smith, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:13-cv-255<br>) |
| Asset Acceptance, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Kenneth A. Smith, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Kenneth A. Smith ("Smith"), is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendant attempted to

collect a delinquent consumer debt by filing a time-barred proof of claim in his bankruptcy matter.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Asset was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, phone calls, credit reporting, lawsuits, and proof of claims.

6. Defendant Asset is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Asset conducts business in Indiana.

**FACTUAL ALLEGATIONS**

7. During 1999, due to financial difficulties, Mr. Smith was forced to stop paying some of his unsecured debts, including one he allegedly owed for a Providian credit card.  After this Providian debt became delinquent it was allegedly transferred/sold to, or otherwise obtained by Asset during 2001.

8. Due to other financial problems, on September 26, 2012, Mr. Smith filed a Chapter 13 bankruptcy petition in a matter styled In re: Smith, S.D. Ind. Bankr. No. 12-11502-JKC-13.

9. Although the statute of limitations in the State of Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2, is six years from the date of the last activity, on October 29, 2012, Asset filed a proof of claim (Claim No. 1) in the amount of $10,856.31 against Mr. Smith in his bankruptcy. This claim admitted that the last activity on the account occurred during 1999. A copy of Asset's Proof of Claim is attached as Exhibit B.

10. Accordingly, Mr. Smith's bankruptcy counsel was forced to object to its time-barred proof of claim via a written objection, which was filed on November 6, 2012. A copy of Mr. Smith's objection to Asset's Proof of Claim is attached as Exhibit C.

11. On December 12, 2012, the Bankruptcy Court sustained the objection and disallowed Asset's time barred proof of claim. A copy of the Court's Order is attached as Exhibit D.

12. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e(5) Of The FDCPA –
### Taking An Action That Could Not Be Legally Taken

14. Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

15. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See, McCollough v. Johnson, Rodenburg &

Lauinger, LLC, 637 F.3d 939, 947-48 (9th Cir. 2011). Herkert v. MRC Receivables Corp., 655 F. Supp 2d 870, 875-76 (N.D. Ill. 2009); Ramirez v. Palisades Collection LLC, 2008 U.S. Dist. Lexis 48722, 15-16 (N.D. Ill. 2008); Kimber v. Federal Financial Corporation, 668 F. Supp. 1480, 1487 (M.D. Al. 1987).

16. By filing a bankruptcy proof of claim for a debt that was plainly time-barred under Indiana Law, Defendant Asset took an action that it could not legally take and, thus, violated § 1692e(5) of the FDCPA.

17. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Kenneth A. Smith, brings this action individually and as a class action on behalf of all persons similarly situated in the United States from whom Defendant attempted to collect a delinquent, time-barred consumer debt by filing a proof of claim during a bankruptcy proceeding, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's practice, of filing proofs of claim in bankruptcy proceedings in an attempt to collect a debt that is beyond the statute of limitations, violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendant Asset regularly engages in debt collection, by filing proofs of claim in bankruptcy proceedings to attempt to collect on debts which are beyond the statute of limitations.

20. The Class consists of more than 35 persons from whom Defendant Asset attempted to collect delinquent consumer debts by filing proofs of claim beyond the

statute of limitations for collection.

21. Plaintiff Smith's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff Smith will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Smith has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Kenneth A. Smith, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Smith as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's practice violates the FDCPA;

4. Enter judgment in favor of Plaintiff Smith and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kenneth A. Smith, individually and on behalf of all others similarly situated, demands trial by jury.

    Kenneth A. Smith, individually and on behalf of all others similarly situated,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated:  February 13, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com